## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | | |
|---|---|---|
| M. MELINDA BALLARD and RCA, a minor, | ) ) ) | |
| | ) | No. 2:12-cv-01360-DCN |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| | ) | **ORDER** |
| ROBYN B. ZIPERSKI and DELTA TRUST & BANK, Trustee, | ) ) ) | |
| Defendants. | ) ) ) | |

This matter is before the court on motions brought by defendants Robyn B. Ziperski (Ziperski) and Delta Trust & Bank (Delta). Ziperski seeks dismissal based on lack of personal jurisdiction and for failure to state a claim and argues that venue is improper. Delta reiterates these arguments and additionally seeks dismissal based on lack of subject matter jurisdiction. Alternatively, both defendants ask the court to abstain from exercising jurisdiction based on pending state court proceedings. For the reasons set forth below, the court finds that venue is improper and transfers this case to the United States District Court for the Eastern District of Arkansas.

## I.  BACKGROUND

Plaintiffs M. Melinda Ballard and RCA, a minor (plaintiffs) filed a complaint on May 22, 2012 in the United States District Court for the District of South Carolina against Ziperski and Delta (defendants). Jurisdiction is predicated on diversity of citizenship; plaintiffs allege that Ballard and her son RCA reside in South Carolina, Ziperski resides in North Carolina, and Delta is incorporated and its principal place of business is in Arkansas. Compl. ¶¶ 1-6.

1

In their complaint, plaintiffs set forth the following factual background: On July 10, 1996, the Ballard Family Trust was established. Id. ¶ 9. It was created in Arkansas. Id. ¶ 10; see id. Ex. B, ¶ Sixteenth(d) ("This Agreement has been executed in, and shall be construed under the laws of, the State of Arkansas . . . ."). Claude M. Ballard, Jr. and Mary M. Ballard (husband and wife) were grantors, and Claude M. Ballard, Jr. and Ziperski (father and daughter) were named as trustees. The trust was amended and fully restated on December 15, 2008 and further amended on February 3, 2010. Id. ¶ 9.

On February 11, 2010, Claude M. Ballard, Jr. passed away. Id. ¶ 11. He predeceased his wife, Mary B. Ballard, three adult children (plaintiff Melinda Ballard, defendant Ziperski, and Karen B. Hart), and six grandchildren. Id. ¶ 12. Upon Claude M. Ballard, Jr.'s death, Ziperski became sole trustee of the Ballard Family Trust. Id. ¶ 14.

On May 28, 2011, the surviving family members entered into a Nonjudicial Settlement Agreement (NSA). Id. ¶ 16. This agreement created separate trusts for each of the surviving children and grandchildren. Id. ¶ 17. Two products of the NSA are the M. Melinda Ballard Nonexempt Trust and the RCA Trust. Id. ¶¶ 18, 22. The NSA also designated Delta as Trust Protector, a position that Delta accepted. Id. ¶ 25. Paragraph 20, section 2.j. of the NSA provides, "The initial situs of any trust and the law applicable to administration of such trust shall be the state of residency of a Current Beneficiary of such trust." According to Ballard, Delta "established the initial situs of the M. Melinda Ballard Nonexempt Trust and the RCA Trust as South Carolina." Id. ¶ 27.

On March 13, 2012, Ziperski resigned as Trustee of the M. Melinda Ballard Nonexempt Trust and RCA Trust, appointing Delta as successor trustee. Id. ¶ 29.

Despite Ballard's request that Delta reject the appointment, Delta accepted, and assumed trustee status beginning March 14, 2012, a role it continues to serve.  Id.

Plaintiffs bring action against defendants for breach of trust, breach of fiduciary duty of care and loyalty, violation of the South Carolina Uniform Prudent Investor Act, restraint from using trust assets to defend, and recovery of attorneys' fees and costs. Plaintiffs specifically allege, *inter alia*, that Ziperski breached her trustee duties through repeated self-dealing and mismanagement, initiating trust modifications for her sole benefit, prematurely liquidating trust assets, wrongfully withholding information from family members, improperly influencing an auditor, and improperly representing that requests for distributions were not permitted under the trusts.  Plaintiffs complain of similar conduct by Delta and further allege that because Delta is not qualified to conduct trust business in South Carolina, its acceptance of the trusteeship was in breach of the trust.

There are two pending, related actions:  a declaratory judgment action filed by Ziperski in the Circuit Court of Pulaski County, Arkansas on April 12, 2012; and a petition filed by Ballard in the Probate Court of Charleston County, South Carolina on May 25, 2012.

## II.  DISCUSSION

Defendants argue that plaintiffs filed this case in the improper venue, which requires the court to either dismiss this case or transfer it to an appropriate district.

28 U.S.C. § 1391(b) provides,

> **(b) Venue in general.**--A civil action may be brought in--
>
> > **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

When a defendant objects to venue under Federal Rule of Civil Procedure 12(b)(3), the plaintiff bears the burden of establishing that venue is proper. Butler v. Ford Motor Co., 724 F. Supp. 2d 575, 586 (D.S.C. 2010).

Plaintiffs argue that venue is proper under 28 U.S.C. § 1391(b)(3), but misconstrue that subsection. They argue that "Section 1391(b)(3) . . . specifically provides than an action may be brought in 'any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.'" Pls.' Resp. Opp'n 24 (quoting § 1391(b)(3)). Importantly, this argument omits the qualifier to § 1391(b)(3): the subsection applies where "there is *no* district in which an action may otherwise be brought as provided in this section." 28 U.S.C. § 1391(b)(3) (emphasis added). Courts have read § 1391(b)(3) as applying only when no other subsection of § 1391(b) applies. Algodonera de las Cabezas, S.A. v. Am. Suisse Capital, Inc., 432 F.3d 1343, 1345 (11th Cir. 2005); Butler, 724 F. Supp. 2d at 589 n.7; Kelly v. Wal-Mart, Inc., No. 06-5179, 2006 WL 3697869 (W.D. Ark. Dec. 14, 2006); 32A Am. Jur. 2d Federal Courts § 1165 (2012) ("Application of the fall-back provision allowing for venue in a district where any defendant is subject to personal jurisdiction is limited to cases where its companion sections . . . are inapplicable.").

Here, it cannot be said that neither § 1391(b)(1) nor § 1391(b)(2) apply. Subsection 1391(b)(1) does not make any district a proper venue, since defendants are residents of different states.[1]  See Butler, 724 F. Supp. 2d at 589.

However, § 1391(b)(2) is applicable.  The primary events leading up to this litigation took place in Arkansas and North Carolina, but not in South Carolina.  The creation of both the Ballard Family Trust and the M. Melinda Ballard and RCA Trusts are relevant events giving rise to this litigation.  The Ballard Family Trust was created in Arkansas, the amendments occurred in Arkansas, and it has never been administered in South Carolina.  See Compl. Ex. B, ¶ Sixteenth(d).  The NSA, which created the M. Melinda Ballard and RCA Trusts, was also entered into in Arkansas.

While plaintiffs assert that the principal place of administration of the M. Melinda Ballard and RCA Trusts is in South Carolina,[2] Pls.' Resp. Opp'n 23, other than paying taxes for the M. Melinda Ballard and RCA Trusts in South Carolina, Delta and Ziperski did not maintain records or perform administrative trust duties in South Carolina which became a "substantial part" of the events giving rise to plaintiffs' claims; instead, they performed trust administration activities in North Carolina and Arkansas.  See Ziperski Aff. ¶¶ 2, 11, 14-18; Mead v. Gaston Cty. Police Dep't, No. 11-3017, 2012 WL 631850,

---

[1] If Delta were found to "reside" in South Carolina under 28 U.S.C. § 1391(c)(2), two problems would remain: Ziperski would still be a resident of a different state, and complete diversity between plaintiffs and defendants would be destroyed, divesting the court of subject matter jurisdiction.

[2] This is a disputed issue of fact.  For purposes of this order, the court views the allegations in the light most favorable to plaintiffs.  However, to the extent plaintiffs argue that venue is proper under § 1391(b)(2) because defendants are subject to personal jurisdiction in South Carolina, the court notes that the § 1391(b)(2) and personal jurisdiction inquiries are not one-and-the-same; § 1391(b)(2) asks whether a "substantial part of the events or omissions giving rise to the claim occurred" here, which means plaintiffs must show that the specific allegations in their complaint substantially relate to the specific actions taken in South Carolina by Ziperski and Delta.  This is a more narrow consideration than whether defendants generally have substantial contacts with the forum state.

at *2 (D.S.C. Feb. 27, 2012) (finding that venue in the District of South Carolina was improper because "[t]hough some action did take place in this district, the overwhelming majority of actions occurred" in North Carolina). Similarly, Delta currently administers the M. Melinda Ballard and RCA Trusts in Little Rock, Arkansas. See Davenport Second Aff. ¶¶ 3-7, 12. Finally, while South Carolina law governs the M. Melinda Ballard and RCA Trusts, choice of law is not an "event" giving rise to any of the asserted claims in plaintiffs' complaint.[3] For these reasons, the court finds that venue in South Carolina is not proper under § 1391(b)(2), but venue would be appropriate under § 1391(b)(2) in either Arkansas or North Carolina.

When venue is improper, the court must determine whether to transfer or dismiss the case. 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."); The Hipage Co. v. Access2Go, Inc., 589 F. Supp. 2d 602, 611 (E.D. Va. 2008); Jarrett v. North Carolina, 868 F. Supp. 155, 159 (D.S.C. 1994) ("The decision to transfer a case or dismiss it is committed to the sound discretion of the district court.").

The court finds transfer rather than dismissal to be the proper remedy. The primary allegations in this case are directed at actions that occurred in Arkansas and North Carolina, and the greater weight of those allegations make Arkansas the most appropriate venue. Delta is incorporated and holds its principal place of business in Little Rock, Arkansas. Davenport Second Aff. ¶ 3. In the Arkansas state court litigation, all of the parties to this suit have appeared and consented to jurisdiction. Thus, the Arkansas

---

[3] The law applicable to matters of administration for the M. Melinda Ballard and RCA Trusts was changed to South Carolina because the state had a "substantial relation" to those trusts only in that plaintiffs moved here. See Compl. Ex. B, ¶ Sixteenth(d).

district court will be in a much better position to decide whether abstension is proper based on its analysis of that pending litigation. All of the claims in this case relate to the NSA, which involved the parties to this case and additional parties that have consented to jurisdiction in Arkansas. Plaintiffs are already involved in litigation in Arkansas state court, in which they have been sued and also filed counterclaims, and will be traveling there for that litigation. Therefore, this "Arkansocentric" litigation should be transferred to Arkansas.

For these reasons, the court finds that the United States District Court for the Eastern District of Arkansas, which encompasses Little Rock, to be the most appropriate venue.[4]

### III.  CONCLUSION

Based on the foregoing, the court **DENIES WITHOUT PREJUDICE** defendants' motions to dismiss and instead **TRANSFERS** this case to the United States District Court for the Eastern District of Arkansas. The clerk's office is directed to transmit the complete record in this case to that district.

**AND IT IS SO ORDERED**.

---

[4] Because the court transfers this case based on improper venue, the court does not reach defendants' additional arguments. "While a court will typically consider jurisdiction first, the Supreme Court has recognized that a court may consider venue before considering personal jurisdiction where the jurisdiction issue is novel or complex." Mead, 2012 WL 631850, at *3 (citing Leroy v. Great W. United Corp., 443 U.S. 173, 180 (1979)). The arguments contained in defendants' motions to dismiss are preserved for the transferee court.

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**October 11, 2012
Charleston, South Carolina**