IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

M. MELINDA BALLARD and
ELLEN B. BRANTLEY, as
guardian ad litem for R.C.A., a minor            PLAINTIFFS

v.          No. 4:12-cv-637-DPM

DELTA TRUST & BANK, as Trustee, and
ROBYN B. ZIPERSKI, as Trustee            DEFENDANTS

## ORDER

The parties have informed the Court of Melinda Ballard's recent and unexpected death. № 82 at 1 n. 1 & № 83. The Court extends its condolences to the families. As stated at the end of the 16 May 2013 hearing, the Court decides some of the pending motions as follows.

Ziperski's motion to appoint a guardian ad litem for R.C.A., № 55, is granted. The Honorable Ellen B. Brantley, retired Pulaski County Circuit Judge, is appointed as the guardian of R.C.A.'s estate for the limited purpose of this case. She has accepted the appointment. № 81. The Court directs the Clerk to substitute Ellen B. Brantley for Marie-Louise Ramsdale as guardian. The Court would appreciate Judge Brantley's status report on 12 July 2013. Delta's and Ballard's motions on the guardian issue, № 57 & 62, are denied as moot.

The motion to amend the complaint, № 51, is denied without prejudice. As the Court noted at the hearing, Judge Brantley must be involved in deciding whether to seek any pleading amendment.

The motion to disqualify Friday, Eldredge & Clark for various specific reasons, № 65, is denied. There is no indication that the firm's representation of other Ballard family members, the Ballard trusts, or the Birnbach estate expanded into personal representation of Melinda Ballard.

The new motion for prospective attorney fees, № 78, is denied without prejudice. Whether to seek this relief needs to be decided by the personal representative of Melinda Ballard's estate, when one is appointed, as part of the personal representative's evaluation of what to do about this case in general. The Court is also a bit skeptical about new counsel's proposed "limited" appearance. Melinda Ballard's estate will have to have counsel to proceed in the case.

On the suggestion of death: the Court directs Ziperski to double check the adequacy of service on all parties and all known interested non-parties. *Atkins v. City of Chicago*, 547 F.3d 869, 873 (7th Cir. 2008) (Posner, J.).

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

_20 June 2013_